JOHN P. SNYDER, Respondent, *v.* JAMES L. VAN INGEN,
Appellant.

*Contempt — commitment for — release from imprisonment on habeas corpus — power
to retry and resentence for same contempt.*

Defendant having been imprisoned under an order adjudging him guilty of a
contempt, was discharged on the ground that the punishment inflicted by the
order was unauthorized. Subsequently he was again brought before the
county judge, retried and resentenced for the same contempt, and additional
and more severe penalties imposed upon him. *Held*, that it was error to retry
him for the same contempt, and impose upon him new and different penalties.

APPEAL from an order made by the county judge of Schenectady
county, adjudging the defendant guilty of contempt in disobeying
an order of the said county judge, requiring him to appear before a
referee and answer concerning his property, and for his contempt
in disobeying an order requiring him to show cause, why he should
not be punished for his contempt in disobeying said order to appear,
etc., and ordering that a fine of $118.36 be imposed upon him,
to be paid by him to the plaintiff or his attorney, to indemnify the
said plaintiff for his loss and injury occasioned by the misconduct
of the defendant, and that he pay the further sum of forty-four
dollars to the plaintiff's attorney for his costs and disbursements in
the matter, and that he stand committed until the said fine be
paid.

On the 11th of July, 1876, the defendant was committed to
the county jail for contempt in failing to appear before the said
referee, by the county judge. The order imposing upon him a fine
of fifty dollars, and directing "that upon payment of such fine the
sheriff immediately bring said defendant before me to abide my
further order, and further purge himself of such contempt." Sub-
sequently the defendant was discharged on *habeas corpus*, on the
ground that the direction in the order that the defendant should,
after payment of the fine, be brought before the county judge to
purge himself of his contempt, was illegal and unauthorized. Sub-
sequently the defendant was again brought before the county judge,
and after a hearing upon interrogatories and oral examination, was

again adjudged guilty of a contempt, and the order hereinbefore first set forth was made.

*Alex. J. Thompson*, for the respondent.

*J. H. Clute*, for the appellant.

BOARDMAN, J. :

After the defendant was discharged on *habeas corpus* from his imprisonment, under the first commitment for contempt, he could not, legally, be again arrested for the same cause unless under 2 Revised Statutes, 571, section 59. By subdivision 3 of that section it is provided that the person so discharged may be again imprisoned "if, in a civil action, the party has been discharged for any illegality in the judgment or process hereinbefore specified, and is afterwards imprisoned by legal process for the same cause of action." The discharge on *habeas corpus* in this case was by reason of an illegality in the process of commitment, after a conviction for contempt. The punishment imposed was in part unknown to the law. The defendant was, therefore, discharged.

Assuming, then, that a proper conviction had been had for contempt, the county judge might, under the provisions of the section above cited, have issued a new commitment, omitting the illegal and improper portions of the old process. Instead of doing this the county judge proceeded to retry the defendant for the same offense, and adjudged him guilty of a contempt, after and notwithstanding the former adjudication upon the same subject. This would, perhaps, not have been fatal in and of itself, if the commitment had been in pursuance of the first conviction, and imposed only such legal penalties as were contained in the first process. But a still more serious error was committed in passing a new, and in some respects, far more severe penalty upon the defendant based upon the second conviction. This presents a case of two trials and two convictions for the same offense, each independent of the other. The discharge under the first conviction was final, unless the county judge could make out a new commitment to be sustained by the first conviction, avoiding thereby the irregularity for which the prisoner was discharged. Or, in a doubtful case, a better way

would have been to have begun the supplemental proceedings *de novo*, and laid the proper foundation for new charges for contempt, which could have been pursued with greater accuracy.

It is sufficient, however, to say, that it was erroneous to retry and resentence, by new and different penalties for the same cause, a prisoner who has been discharged on *habeas corpus* by order of the court.

Hence, we think the order of the county judge should be reversed, with ten dollars costs and expenses of printing.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order reversed, with ten dollars costs and printing.